**In re David ROSS and Darlene Ross, Debtors.**

**David ROSS and Darlene Ross, Plaintiffs,**

**v.**

**UNITED STATES of America, INTERNAL REVENUE SERVICE, Defendant.**

**Bankruptcy No. 93–00878. Adv. No. 93–6154.**

United States Bankruptcy Court, D. Idaho.

Nov. 9, 1993.

SUMMARY ORDER

ALFRED C. HAGAN, Chief Judge.

This matter is before the Court on the motion of the Internal Revenue Service ("IRS"), the defendant in the above-captioned adversary proceeding. The IRS moves for a stay of the adversary proceeding pending the completion of a criminal investigation against David and Darlene Ross ("debtors"), the plaintiffs in this adversary proceeding and the debtors in the underlying bankruptcy. Debtors oppose this motion.

The IRS has been conducting a criminal investigation of the debtors, allegedly since 1992. In March, 1993, the debtors filed a petition under chapter 7 of the Bankruptcy Code. On July 30, 1993, debtors filed this adversary proceeding. The complaint seeks a determination that the IRS has no claim that would survive the debtor's discharge in bankruptcy. The IRS then filed the present motion to stay this adversary proceeding "until the United States has had the opportunity to complete its criminal investigation ... and any criminal prosecution arising out of the investigation." United States' Motion for Stay of Proceedings, at 1–2.

The Supreme Court has held the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.

*Landis v. North American Co.*, 299 U.S. 248, 254–55, 57 S.Ct. 163, 165–66, 81 L.Ed. 153 (1936). A similar power, permitting a court to stay or condition civil discovery through protective orders, is found in Rule 26 of the Federal Rules of Civil Procedure. F.R.C.P. 26(c).

"A court must decide whether to stay civil proceedings in the face of parallel criminal proceedings in light of the particular circumstances and competing interests involved in the case." *Fed. Savings and Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 902 (9th Cir.1989). These factors will vary from case to case. *Molinaro, supra*, 889 F.2d at 902–03. Generally, however, these factors include:

"(1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation."

*Molinaro, supra*, 889 F.2d at 903 (quoting *Golden Quality Ice Cream Co. v. Deerfield Specialty Papers, Inc.*, 87 F.R.D. 53, 56 (E.D.Pa.1980)). These factors are appropriate in this case to determine whether the civil action should be stayed.

I begin my analysis with the third of these factors: the convenience of the court in the management of its cases, and the efficient use of judicial resources. The duration of the requested stay strongly affects this factor. The IRS asserts it does not seek an absolute privilege against discovery, but rather a delay for a reasonable period. However, the IRS has requested a stay until both the criminal investigation and any criminal proceedings are completed. The IRS has not estimated how much time this would involve, and has not limited its request for a stay. Such an indefinite request for a stay puts the IRS, and not this Court, in control of the case. It detrimentally affects the Court's ability to control its docket. It indefinitely deprives the debtors of the "fresh start" central to bankruptcy policy, without even requiring the IRS to appear in court or show a prima facie case of nondischargeability. Given that the amount of any claim the IRS may possess against the debtors is also apparently undetermined, a stay could deprive creditors of the estate of a remedy for an extensive period of time. "The stay is immoderate and hence unlawful unless so framed in its inception that its force will be spent within reasonable limits, so far at least as they are susceptible of prevision and description. When once those limits have been

reached, the fetters should fall off." *Landis, supra,* 299 U.S. at 257, 57 S.Ct. at 167.

Judicial economy is also relevant to this factor. If this proceeding is stayed and debtors are convicted in a subsequent criminal proceeding, the debtors may be collaterally estopped with regard to those matters determined in the criminal proceeding. *See Lilley v. Internal Revenue Service (In re Lilley),* 152 B.R. 715, 721–22 (Bankr.E.D.Pa.1993). The result might be a need for only one trial (the criminal case), instead of two trials regarding the same matter. Where the criminal proceedings have not even culminated in an indictment, however, such judicial economy is speculative, and entitled to less weight. *Cf. Securities & Exchange Comm'n v. Dresser Indus., Inc.,* 628 F.2d 1368, 1376 (D.C.Cir.), *cert. denied,* 449 U.S. 993, 101 S.Ct. 529, 66 L.Ed.2d 289 (1980) (en banc) (the case for a stay is "far weaker" where no indictment has been returned).

The first factor relevant to the question of staying the adversary proceeding is the benefit to the debtors of proceeding, versus the burden on debtors if the action is stayed. The debtors have two interests in seeking completion of this adversary proceeding: first, to determine the extent, if any, of their nondischargeable liability to the IRS; and second, to obtain the basic bankruptcy policy of a "fresh start" as quickly as possible. Staying this adversary proceeding burdens the debtors by suspending these interests for an indefinite period.

The second factor relevant to a stay of this adversary proceeding is the impact on the IRS if this adversary proceeding is permitted to continue. Two issues are relevant to the consideration of the burden on the IRS. First is the difference between civil discovery, which is very liberal, and criminal discovery, which is far more limited. *Afro-Lecon, Inc. v. United States,* 820 F.2d 1198, 1203 (Fed.Cir.1987); *Campbell v. Eastland,* 307 F.2d 478, 487 (5th Cir.1962). Permitting the debtors to continue this action may enable the debtors to obtain information and documents from the IRS that would not be available in a criminal action. Second, and conversely, is the fact debtors will be able to hinder discovery by the IRS by claiming their fifth amendment privilege against self-incrimination. This combination of liberal discovery by the debtors against the IRS, with limited discovery by the IRS against the debtors, burdens both the government's criminal and civil actions.

Weighing against this impact is its completely hypothetical nature at this point; so far as the record indicates, neither side has sought discovery. Whether the debtors will seek discovery of information not available in a criminal proceeding, or whether the debtors will assert their fifth amendment privilege against discovery by the IRS,[1] is completely speculative at this point.

The fourth factor relevant to the question of staying this adversary proceeding is the impact of a stay on persons who are not parties to the action. In this case, such persons would be all creditors of the debtors. While the dischargeability of an obligation owing the IRS is not relevant to other creditors, it appears that the IRS has not yet determined what amount, if any, the debtors may owe. Until any obligations owing to the IRS have been determined, the estate cannot be closed and the other creditors cannot be paid. Given the indefinite nature of the requested stay, such a burden is substantial. *See Molinaro, supra,* 889 F.2d at 903 (noting burden on depositors of savings and loan if civil proceedings against director of savings and loan are stayed pending possible criminal proceedings).

Finally, the fifth factor relevant to staying this adversary proceeding are the public interests involved in this case. In general, the interest of the public in law enforcement exceeds the private interest in pursuing a civil action. *Campbell, supra,* 307 F.2d at 487. The public interest in a bankruptcy proceeding is not insubstantial, however. As already suggested, delay in determining the IRS's claim will not merely adversely impact on the debtors; it will prevent any recovery to all of the creditors of the debtor.

1. There is some question whether debtors will be entitled to assert a fifth amendment privilege at all, since they voluntarily brought this civil proceeding. *See Afro–Lecon, supra,* 820 F.2d at 1204–06 (discussing authority). I do not express any opinion on this issue at this time.

I conclude, under the five factor balancing test suggested by *Molinaro*, that a complete stay of the adversary proceeding is not justified at this point. The burdens on the IRS are largely hypothetical, and are primarily concerned with discovery. "In some ... cases, however, the courts may adequately protect the government and the private party by merely deferring civil discovery or entering an appropriate protective order." *Dresser, supra*, 628 F.2d at 1376. The action will be permitted to proceed. Protective orders under Rule 26(c), applicable to this proceeding under Rule 7026 of the Federal Rules of Bankruptcy Procedure, will be liberally granted. In the event that either the IRS or the debtors are unable to discover information necessary to their respective cases (either because of a protective order or a proper assertion of privilege), the Court will consider appropriate motions, including a renewed motion to stay.

Accordingly, it is

ORDERED:

The motion of the IRS for stay of this adversary proceeding is denied.